## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 02 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ray O. Crowell, Jr.
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ray O. Crowell, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

January 2, 2020

Court of Appeals Case No.
19A-PC-1360

Appeal from the Allen Superior Court

The Honorable David Zent, Judge

Trial Court Cause No.
02D05-1702-PC-15

**Tavitas, Judge.**

## Case Summary

Ray O. Crowell, Jr., pro se, appeals the post-conviction court's ("PC Court") denial of his petition for post-conviction relief ("PCR"). We affirm.

## Issues

Crowell raises four issues on appeal, which we consolidate and restate as follows:

> I. Whether the PC Court erred in finding that Crowell did not receive ineffective assistance of trial counsel.
>
> II. Whether Crowell's trial counsel had a conflict of interest.
>
> III. Whether the PC Court erred in declining to conduct an evidentiary hearing on Crowell's petition for PCR.

## Facts

On September 28, 2015, the State charged Crowell with Counts I-IV, child molesting, Class A felonies; Counts V-VIII, sexual misconduct with a minor, Class B felonies; Counts IX-XI, incest, Class C felonies; Count XII, child molesting, a Class C felony; and Count XIII, sexual misconduct with a minor, a Class C felony.[1] Attorney Quinton Ellis served as Crowell's trial counsel.

---

[1] On February 18, 2015, the State amended Count XI to incest, a Level 5 felony.

[4] At a hearing on miscellaneous motions on February 16, 2016, Crowell moved to terminate his court-appointed lawyer, Attorney Ellis. Crowell asserted that Attorney Ellis misled Crowell by indicating that Crowell's family members intended to cooperate with the State; and, thereby, improperly sought to "sway" Crowell "to take a plea." Crowell's App. Vol. II p. 19. The trial court questioned Attorney Ellis on the record and denied Crowell's motion.

[5] On February 22, 2016, Crowell pleaded guilty to Counts I, V, and IX. He was sentenced to: Count I, thirty years, with twenty-four years executed in the Department of Correction ("DOC") and six years suspended; Count V, twenty years executed; and Count IX, eight years executed,[2] with Counts V and IX to be served concurrently with Count I. Crowell did not appeal his sentence.

[6] On February 3, 2017, Crowell, pro se,[3] filed a petition for PCR in which he alleged that Attorney Ellis rendered ineffective assistance of trial counsel. On June 11, 2018, the State moved to require Crowell to submit his PCR case by affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b). The PC Court granted the motion the following day. Crowell unsuccessfully moved for an evidentiary hearing on his petition for PCR on June 25, 2018.

---

[2] In exchange for Crowell's plea, the State agreed to dismiss Counts II-IV, VI-VIII, and X-XIII.

[3] Crowell was briefly represented by counsel after he filed his petition for PCR; however, counsel withdrew on May 25, 2018.

[7] On August 28, 2018, Crowell requested a hearing regarding the alleged conflict of interest. On August 31, 2018, Crowell, pro se, amended his petition for PCR and alleged further that: (1) a conflict of interest existed between himself and Attorney Ellis; (2) Attorney Ellis failed to fully investigate witnesses and evidence; and (3) Attorney Ellis failed to recognize that Counts V-VIII and XII-XIII were time-barred pursuant to the then-applicable statute of limitations.

[8] On September 4, 2018, Crowell submitted his PCR case upon affidavit and requested the issuance of subpoenas to his ex-wife, son, and Attorney Ellis. On October 1, 2018, the PC Court denied Crowell's motion to set a hearing regarding the alleged conflict of interest. On December 7, 2018, the State filed its response to Crowell's PCR submission by affidavit. On May 30, 2019, the PC Court issued findings of fact and conclusions of law and denied Crowell's petition for PCR. Crowell now appeals.

## Analysis

[9] Crowell appeals the denial of his petition for PCR. Post-conviction proceedings are civil proceedings in which a petitioner may present limited collateral challenges to a conviction and sentence. *Gibson v. State*, 133 N.E.3d 673, 681 (Ind. 2019); Ind. Post-Conviction Rule 1(1)(b). The petitioner bears the burden of establishing his claims by a preponderance of the evidence. *Gibson*, 133 N.E.3d at 681; P-C.R. 1(5). When, as here, the petitioner appeals from a negative judgment denying post-conviction relief, he "must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Gibson*, 133 N.E.3d at 681.

When a petitioner fails to meet this "rigorous standard of review," we will affirm the post-conviction court's denial of relief. *Id.* Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009).

## I. Ineffective Assistance of Trial Counsel

[10] Crowell argues that Attorney Ellis rendered ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), *reh'g denied*, *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001).

[11] An attorney's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Woodson v. State*, 961 N.E.2d 1035, 1041 (Ind. Ct. App. 2012), *trans denied*. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Id.* Isolated poor strategy, inexperience, or bad tactics does not necessarily constitute ineffective assistance of counsel. *Id.*

[12]     In analyzing prejudice in the context of a guilty plea, we review such ineffective assistance of counsel claims under *Bobadilla v. State*, 117 N.E.3d 1272, 1287 (Ind. 2019). "[T]he prejudice inquiry is a subjective test, turning upon whether that particular defendant's special circumstances support his claim that, had he been properly advised, he would have rejected the plea and insisted on going to trial." *Bobadilla*, 117 N.E.3d at 1287. "[T]he ultimate result at trial (conviction versus acquittal) is not the determinative factor in these prejudice inquiries . . . ." *Id.*

[13]     Crowell argues that Attorney Ellis rendered ineffective assistance by failing to assert a statute of limitations defense regarding the time-barred offenses brought by the State. Crowell argues that Attorney Ellis, thus, negotiated from a position of diminished power and prejudiced Crowell by allowing Crowell to execute an unnecessarily harsh plea agreement.

[14]     Here, the PC Court made the following pertinent findings:

> 6. . . . Mr. Crowell has identified a genuine illusory threat in the form of the filing of Counts 5, 6, 7, 8, 12, and 13, which were time-barred. It appears that these counts may have been considered to be timely filed in September 2015 pursuant to the version of IC 35-41-4-2 in effect at the time of filing, which provided that a prosecution for a sex offense against a child such as those charged in those counts "is barred unless commenced within ten (10) years after the commission of the offense, or within four (4) years after the person ceases to be a dependent of the person alleged to have committed the offense, whichever occurs later." IC 35-41-4-2(m) (2015). However, the offenses charged in those counts (i.e., sexual misconduct with a minor as Class B and C felonies, and child molesting as a Class C felony)

were alleged to have occurred no later than 2007 [Findings of Fact, ¶ 5], and IC 35-41-4-2(m) was not enacted until 2013. In 2007, the statutory limitation period for filing those charges was five (5) years [IC 35-41-4-2(a)], not extended by any other provision of IC 35-41-4-2. By the time of filing of those charges, therefore, the statute of limitations that was in effect at the time of the offenses had run. Pursuant to the United States Supreme Court's ruling in *Stogner v. California*, 539 U.S. 607, 609 (2003), as the prosecution of those charges had already become time-barred before the enactment of IC 35-41-4-2(m), the later enactment of that statute could not resurrect the State's ability to prosecute them.

7. *Nevertheless, Mr. Crowell presents no argument to the effect that he would seriously have decided to go to trial and risk receiving an extremely long aggregate sentence on Counts 1, 2, 3, 4, 9, 10, and 11, rather than accept the plea agreement which provided for a much shorter aggregate sentence—and no credible argument to that effect can be imagined.* Mr. Crowell was charged with Class A felonies in Counts 1, 2, 3, and 4; a Class C felony in Count 9; and Level 5 felonies in Counts 10 and 11. Under the law in effect at the time of the offenses, a Class A felony was punishable by imprisonment of 20 to 50 years, with the presumptive or advisory sentence being 30 years. IC 35-50-24 (1995, 2005, 2014). A Class C felony was punishable by imprisonment of 2 to 8 years, with the advisory sentence being 4 years. 1C 35-50-2-6 (2005). A Level 5 felony was punishable by imprisonment of 1 to 6 years, with the advisory sentence being 3 years. IC 35-50-2-6(b) (2014). *Mr. Crowell thus faced a maximum aggregate sentence of two hundred twenty (220) years on Counts 1, 2, 3, 4, 9, 10, and 11; consecutive presumptive or advisory sentences on those counts would have amounted to one hundred thirty (130) years; and even consecutive minimum sentences would have amounted to eighty-six (86) years.* Assuming day-for-day good-time credit under the credit-time law in effect as to Counts 1, 2, 3, 4, and 9 (and disregarding any minor increase in actual time resulting from the revised credit-time law applicable to

Counts 10 and 11), *Mr. Crowell's sentencing exposure in terms of actual time was from forty-three (43) to one hundred ten (110) actual years, compared to the executed portion of only twelve (12) years of actual time that would result from the plea agreement. In view of the great length and severity of Mr. Crowell's course of abusive conduct as described by the victim at sentencing, it cannot be imagined that concurrent sentences would have been found appropriate in any event. The plea agreement thus saved Mr. Crowell at least 31 years, and possibly up to 98 years, of actual time, even with maximum good-time credit.* This benefit is significantly greater than the saving of 23 to 24 years found to be a "very substantial benefit" in *Suarez* [*v. State*], 967 N.E.2d [552] at 557 [(Ind. Ct. App. 2012)]. Like petitioner Suarez in that case, Mr. Crowell has shown no obvious weaknesses in the State's case; unlike Suarez, Mr. Crowell has shown no special circumstances that would have affected a reasonable person's decision to plead guilty. The Court cannot conclude that Mr. Crowell's decision to plead guilty would have been affected by the knowledge that he faced a maximum sentence of no more than 220 years in the absence of a plea agreement providing for an executed portion of 24 years. Like Suarez, Mr. Crowell has not shown that he was prejudiced by his attorney's failure to give him accurate advice, and he is not entitled to post-conviction relief on this basis.

Crowell's App. Vol. II pp. 23-25 (citations omitted) (emphasis added).

[15] Although Crowell states that he would have rejected the plea agreement and proceeded to trial, Crowell has advanced no special circumstances to support his claim that, had Attorney Ellis advised him differently, Crowell would have rejected the plea agreement as to the non-time-barred counts, which presented a potential aggregate sentence of 220 years. In light of the foregoing, the PC Court did not err in denying Crowell's claim of ineffective assistance of trial counsel.

## II. Conflict of Interest

Next, we address the PC Court's rejection of Crowell's claim that a conflict of interest existed between Crowell and trial counsel. Specifically, Crowell maintains that Attorney Ellis "tried to lead Crowell to believe" that Crowell's ex-wife and son intended to cooperate with the State, "while [Attorney Ellis] push[ed] for Crowell to enter the plea." Crowell's Br. p. 12.

The constitutional right to effective assistance of counsel includes representation free from conflicts of interests. *Gibson v. State*, 133 N.E.3d 673, 698 (Ind. 2019) (citing *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 1103 (1981). To prevail on a claim of conflict of interest, the defendant must demonstrate to the PC Court that trial counsel had an actual conflict of interest and that the conflict adversely affected counsel's performance. *Shepherd v. State*, 924 N.E.2d 1274, 1287 (Ind. Ct. App. 2010), *trans. denied*.

> An adverse effect on performance caused by counsel's failure to act requires a showing of (1) a plausible strategy or tactic that was not followed but might have been pursued; and (2) an inconsistency between that strategy or tactic and counsel's other loyalties, or that the alternate strategy or tactic was not undertaken due to the conflict.

*Id.*

Crowell has presented no evidence that Attorney Ellis had an actual conflict of interest or that the alleged conflict adversely affected Attorney Ellis'

performance.   Under questioning of the trial court below, Attorney Ellis denied any conflict of interest and stated that he merely recounted to Crowell information that Attorney Ellis gleaned from discussions with the State.  Even assuming arguendo that a conflict of interest existed—and we find no such support in the record—it remains Crowell's burden to: (1) identify a plausible strategy (or tactic) that Attorney Ellis neglected in Attorney Ellis' representation of Crowell; and (2) demonstrate either an inconsistency between the plausible strategy (or tactic) and Attorney Ellis' purported loyalties to the State or that Attorney Ellis eschewed certain acts in his representation of Crowell because of Attorney Ellis' purported loyalties to the State.  Crowell has presented no such argument and, accordingly, his claim must fail.[4]

[19]    Moreover, even if a petitioner demonstrates an actual conflict that adversely affected counsel's performance, we must still determine whether prejudice exists.  In *Gibson*, our Supreme Court considered whether the defendant is required to show prejudice in a conflict-of-interest claim or whether such prejudice is presumed.  *See Gibson,* 133 N.E.3d at 698-99 (comparing the presumption of prejudice standard in *Cuyler v. Sullivan*, 446 U.S. 335, 349-50, 100 S. Ct. 1708, 1719 (1980), with the prejudice standard in *Strickland*).  The Court noted that conflict-of-interest claims typically arise where counsel represented multiple defendants in the same case, "because of counsel's

---

[4] We need not reach Crowell's claim that the PC Court erred in failing to conduct an evidentiary hearing on the alleged conflict of interest, as Crowell has failed to meet his threshold burden of establishing that any conflict of interest existed.

representation of a hostile witness, because of counsel's personal legal problems, or because of counsel's previous role as judge pro tempore in the same case." *Id.* at 699.

> Not all conflicts of interest, however, present the same concerns. Unlike the high risk of harm imposed on at least one client in multiple-representation cases, a conflict implicating counsel's personal interests only (e.g., media rights or future referrals) need not compromise the duty of loyalty—that is, counsel may still act in the client's best interest even if detrimental to counsel's best interest. So, the question is whether a particular conflict-of-interest claim warrants application of the lower burden under *Cuyler* or the traditional prejudice standard under *Strickland*.

*Id.* The Court concluded that Gibson's conflict of interest argument fell under the standard *Strickland* analysis for prejudice. *Id.*

[20] Like Gibson, who argued that his trial counsel proceeded under a conflict of interest, Crowell maintains that Attorney Ellis' loyalties were divided and aligned with the State's interests. We conclude that Crowell's conflict of interest argument falls under the standard *Strickland* analysis for prejudice. Crowell has failed to identify any prejudice that resulted from the alleged conflict of interest. The PC Court's denial of this claim is not clearly erroneous.

### III. Failure to Conduct PCR Hearing

[21] Crowell argues further that the PC Court abused its discretion when it did not conduct an evidentiary hearing on his PCR claims and, instead, ordered the

parties to submit their respective cases by affidavit. We review a PC Court's decision to forgo an evidentiary hearing for an abuse of discretion. *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, or actual deductions to be drawn therefrom." *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016).

[22] Post-Conviction Rule 1(9)(b) provides, in part:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

Post-Conviction Rule 1(9), thus, "[provides a] distinct way for a PCR court to rule on a petition without an evidentiary hearing." *Smith*, 822 N.E.2d at 201.

> . . . [W]here the PCR court orders the parties to proceed by affidavit under Rule 1(9)(b), the court may also determine that the petitioner's personal presence at an evidentiary hearing is required. But we hold that the decision whether to hold an evidentiary hearing for a 'full and fair determination of the issues raised,' like the decision to proceed by affidavit, is best left to the PCR court's discretion.

*Id.*

[23]     In *Smith*, Smith filed a pro se petition for PCR, and the PC Court ordered that the PCR case should be submitted upon affidavit. Smith unsuccessfully moved for an evidentiary hearing, which was denied. Smith also filed an affidavit in support of his petition for PCR. In appealing the denial of his petition for PCR, Smith argued on appeal the PC Court erred in declining to conduct the evidentiary hearing. We affirmed on appeal and found:

> [O]ther than claiming that the affidavits he and the State submitted raised issues of fact, Smith has failed to show how an evidentiary hearing could have aided him. Rather, he had made general assertions that he was denied an opportunity to present unidentified witnesses in support of his ineffective assistance of counsel claim. If Smith believed that there were witnesses to support his claims, he could have either submitted affidavits from those witnesses or followed the procedure set forth under Rule 1(9)(b) and requested that such witnesses be subpoenaed. We therefore conclude that the PCR court did not abuse its discretion when it did not hold an evidentiary hearing on Smith's petition.

*Id.* at 201-02.

[24]     Here, Crowell filed his pro se petition for PCR, and the State moved for submission of the PCR case by affidavit, which the PC Court granted. Crowell subsequently moved for an evidentiary hearing on his petition for PCR to elicit testimony from his ex-wife, his son, and Attorney Ellis regarding the alleged conflict of interest; however, the PC Court denied the motion without hearing. On September 4, 2018, Crowell submitted his PCR case by affidavit; requested the issuance of subpoenas to his ex-wife and son; and moved for an evidentiary hearing. The PC Court declined to issue Crowell's requested subpoenas.

Despite his longstanding contention that his ex-wife and son were vital witnesses, Crowell did not include affidavits from his ex-wife and son in his submission of his PCR case.

As in *Smith*, Crowell has not demonstrated that an evidentiary hearing would have aided him. Although Rule 1(9)(b) allowed Crowell to submit affidavits of his desired witnesses, Crowell failed to do so. *See id.* at 201 ("If Smith believed that there were witnesses to support his claims, he could have [ ] submitted affidavits from those witnesses . . . ."). Crowell has not demonstrated that the PC Court improperly deviated from the procedure enumerated in Post-Conviction Rule 1(9)(b).

Based on the foregoing, Crowell cannot demonstrate that the PC Court abused its discretion when it declined—after it ordered the PCR case to be submitted upon affidavit—to conduct an evidentiary hearing. The evidence before us is not clearly against the logic and effect of the facts and circumstances before the PC Court; accordingly, we find no abuse of discretion.

## Conclusion

The PC Court's denial of Crowell's petition for PCR is not clearly erroneous. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.